IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BENJAMIN HENDRICKS,**  Case Number 1:13 CV 2111

    Petitioner,  Judge Patricia A. Gaughan

    v.  REPORT AND RECOMMENDATION

**BRIAN COOK,** Warden

    Respondent.  Magistrate Judge James R. Knepp II

### INTRODUCTION

*Pro se* Petitioner Benjamin Hendricks, a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Brian Cook filed a Motion to Dismiss (Doc. 9) with attached exhibits, which Petitioner opposed (Doc. 10).

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). (Non-document entry dated October 17, 2013). For the reasons discussed below, the undersigned recommends the Court GRANT Respondent's Motion and DISMISS the Petition as time-barred.

### PROCEDURAL BACKGROUND[1]

**State Trial Court**

In May 2006, a Cuyahoga County Grand Jury issued an indictment charging Petitioner with four counts of pandering sexually-oriented matter involving a minor in violation of Ohio

---

1. Petitioner is also in custody for convictions stemming from a similar but unrelated case. (Ex. 30-31, Doc. 9-1, Case No. CR-08-507237-A). Despite indirectly requesting relief from these convictions, Petitioner does not challenge them in the instant Petition. (*See* Doc. 12, at 11).

Rev. Code § 2907.322(A)(5) (Counts 1-4) and one count of possessing criminal tools in violation of § 2923.24 (Count 5). (Ex. 1, Case No. CR-06-480856-A).[2] Upon arraignment, Petitioner entered a not guilty plea. (Ex. 2).

On September 21, 2006, Petitioner withdrew his former plea and pled guilty to two counts of pandering sexually-oriented matter involving a minor (Counts 1-2); the remaining counts (Counts 3-5) were nolled. (Ex. 3). On November 3, 2006, the trial court entered a journal entry sentencing Petitioner to one year of community control. (Ex. 4). On November 15, 2006, the trial court entered an additional journal entry indicating Petitioner would be supervised by the sex offenders unit of the probation department. (Ex. 5).

On October 26, 2007, the trial court issued a journal entry continuing Petitioner's community control sanction until November 8, 2008. (Ex. 6). An April 2, 2008 *nunc pro tunc* entry followed, indicating Petitioner had signed a waiver to extend community control to November 1, 2008. (Ex. 7).

The trial court issued a *capias* (arrest warrant) for Petitioner at the request of the probation department on August 5, 2008. (Ex. 8). On September 17, 2008, the trial court held a hearing concerning Petitioner's alleged violation of community control, found he violated his community control, and sentenced Petitioner to twelve months in prison for each count of pandering sexually-oriented matter involving a minor, to run concurrently to each other and consecutive to Case No. CR 08-507237. (Ex. 9, 30-31).

Petitioner failed to timely appeal this judgment.

**Petition to Contest the Imposition of Prison Time**

Over two years later, on February 11, 2011, Petitioner, *pro se*, filed a petition with the trial court to contest his one-year prison sentence pursuant to *State v. Brooks*, 103 Ohio St. 3d

---

2. Exhibits referenced throughout this R&R can be found in ECF Doc. 9-1.

134 (2004) (Ex. 10), which the trial court denied on February 22, 2011 (Ex. 13). Petitioner did not appeal this judgment.

**Motion for Leave to File a Delayed Appeal to the Eighth District Court of Appeals**

On June 8, 2012, Petitioner, *pro se*, filed a notice of appeal and motion for leave to file a delayed appeal to the Eighth District Court of Appeals, Cuyahoga County. (Ex. 14-15). Petitioner claimed the trial court and trial counsel failed to notify him of his appellate rights and trial counsel told him he could not appeal a community control revocation hearing. (Ex. 15). On June 25, 2012, the appellate court denied Petitioner leave to file a delayed appeal and dismissed the case. (Ex. 16-17). Petitioner failed to file a timely appeal to the Ohio Supreme Court.

**Motion for Leave to File a Delayed Appeal to the Ohio Supreme Court**

On November 28, 2012, Petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal in the Supreme Court of Ohio. (Ex. 18-19). The Ohio Supreme Court denied leave to appeal and dismissed the case on January 23, 2013. (Ex. 20).

**Miscellaneous Post-Conviction Motions**

On January 16, 2013, Petitioner, *pro se*, sought credit for jail time served, which the trial court granted for 463 days. (Ex. 22).

On March 18, 2013, Petitioner filed a *pro se* motion requesting judicial release; this motion is pending. (Ex. 23).

### FEDERAL HABEAS PETITION

Petitioner filed the instant Petition on September 30, 2013[3] and alleged the following grounds for relief:

> **GROUND ONE:** Petitioner was denied due process of law and right to counsel under the Fourteenth and Sixth Amendments of the United States Constitution

---
3. The Petition was amended to include an additional ground on November 12, 2013. (Doc. 12).

3

and Criminal Rule 43(A) when the Cuyahoga County Probation Department and the trial court amended or modified his sentence without notice and without him being present.

**GROUND TWO:** Failure to provide, at the time of the initial sentencing hearing, the mandatory notification of the specific prison term that may be imposed for a violation of the conditions of community control prohibited the court from imposing a prison term as a sanction for a violation of community control.

**GROUND THREE:** The Cuyahoga County Probation Department violated Hendricks' Sixth and Fourteenth Amendment rights to notice, counsel, and right to be heard by extending his community control through use of a signed agreement which was upheld by the trial court through improper use of a nunc pro tunc journal entry.

**GROUND FOUR:** Petitioner was denied effective assistance of counsel, due process of law and equal protection of the law, when the trial court and trial counsel did not inform him of his appellate rights and his subsequent application for leave to file a delayed appeal was denied, in violation of the Sixth and Fourteenth Amendment to the United States Constitution.

(Docs. 1, 12).

## MOTION TO DISMISS

Respondent moves to dismiss the Petition as untimely. (Doc. 9, at 5). Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), there is generally a one-year period in which a prisoner in state custody may file a petition for habeas relief in federal court:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The AEDPA statute of limitations is not absolute; it can be statutorily or equitably tolled. The statute provides that the time during which post-conviction or other collateral review proceedings are pending in state court "shall not be counted toward any period of limitation". 28 U.S.C. § 2244(d)(2). When a petitioner is aware of the factual predicate of his claims, and the claims do not implicate §§ 2244(d)(1)(B) or 2244(d)(1)(C), the one-year statute of limitations begins to run on the date his judgment became final – at the expiration of the time for seeking direct review. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

First, it is clear from the record that neither § 2254(d)(1)(C) or § 2254(d)(1)(D) apply to the case at bar. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court, made retroactively applicable to cases on collateral review. Moreover, Petitioner fails to present any evidence as to precisely when a duly diligent person in Petitioner's circumstances could have discovered the factual predicate of his claims before his conviction became final at the conclusion of direct review or expiration of time for seeking such review. *See Sayles v. Warden*, 2012 WL 5327226, at *4 (S.D. Ohio); *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) ("[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2254(d)(1)(D); *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) ("[A]n application that 'merely alleges that the applicant did not actually know the facts underlying his . . . claim' is insufficient to show due diligence") (quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997); *see also Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich 2002) (explaining the same); *Redmond v. Jackson*, 295 F.

5

Supp. 2d 767, 772 (E.D. Mich 2003) (explaining the same). Therefore, the Court must calculate the date in which Petitioner's judgment became final, apply any legitimate tolling time, and conclude whether his habeas claim was filed timely within the one-year AEDPA limitations period.

The standard start date for the one-year statute of limitations, or the date on which a judgment becomes final by the expiration of time for seeking direct review, comes from 28 U.S.C. § 2244(d)(1)(A). In Ohio, a petitioner has 30 days to appeal from an order that is final upon its entry. Ohio App.R. 4(A)(1). When a petitioner does not seek review within the 30 day period, the trial court judgment becomes final at the end of that period, and the statute of limitations begins to run the next day. Fed.R.Civ.P. 6(a)(1) ("[I]n computing any time period . . . exclude the day that triggers the period."). Here, Petitioner did not seek direct review of his September 17, 2008 judgment of conviction and sentence; therefore, Petitioner's conviction became final 30 days later, on October 17, 2008.

Petitioner failed to file any actions that would serve to statutorily toll the limitation period. While Petitioner filed motions for leave to file delayed appeals with the Eight District Court of Appeals (June 2012) and the Ohio Supreme Court (November 2012), these actions can only serve to toll an unexpired limitations period under § 2254(d)(2); they cannot, however, restart the clock on an expired limitations period. *Applegarth v. Warden*, 377 F. App'x 448, 449 (6th Cir. 2010); *Vroman v. Brigano*, 346 F.3d 598, 601-02 (6th Cir. 2003). As a result, the AEDPA statute of limitations expired on October 18, 2009. Yet, the instant Petition was not filed until September 30, 2013. Accordingly, the Petition is time-barred from federal habeas review

6

and should be dismissed unless Petitioner can show his limitation period is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549 (2010).[4]

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Ineffective assistance of counsel may constitute extraordinary circumstances sufficient to warrant relief. *Robinson*, 424 F. App'x at 442. However, it only warrants tolling if it was both beyond the control of the litigant and unavoidable with reasonable diligence. *Id*.

Thus, to demonstrate he is entitled to equitable tolling, a habeas petitioner must establish: 1) he has diligently pursued his rights; and 2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562; *see also Robison*, 424 F. App'x at 442 (explaining that prior to *Holland*, the Sixth Circuit used the five factors elicited in *Dunlap v. U.S.*, 250 F.3d 1001 (6th Cir. 2001) to determine equitable tolling under AEDPA). Such equitable tolling, however, is rare, granted sparingly, and evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Here, Petitioner cannot show he was diligent in pursing his rights. This is due to the fact that Petitioner filed his first post-conviction motion over two years after his sentence was final. Moreover, Petitioner has failed to demonstrate that an "extraordinary circumstance" stood in his way to prevent timely filing. Neither a petitioner's *pro se* status nor a professed ignorance of the

---

4. Respondent attempts to argue the amended Petition does not "relate back" to the initial filing date according to *Mayle v. Felix*, 125 S.Ct. 2562 (2005); however, this argument is moot as the Court finds initial Petition date is untimely.

law will justify equitable tolling of the limitations period. *Johnson v. United States*, 544 U.S. 295, 311 (2005); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling.").

Finally, equitable tolling for ineffective assistance claims is a high standard, used sparingly. Here, Petitioner makes a conclusory allegation that he was never informed of his appellate rights and his trial counsel never informed him he could appeal his community control violation sentence. However, the Sixth Circuit has declined to allow equitable tolling for ineffective assistance even in circumstances when a petitioner's attorney failed to inform him of his appellate decision for more than a year after it was issued. *Robinson*, 424 F. App'x at 440-43; *see also Keeling v. Warden*, 673 F.3d 452, 463 (6th Cir. 2012); *Winkfield v. Bagley*, 66 F. App'x 578, 583-84 (6th Cir. 2003) (No equitable tolling when petitioner's attorney misled him into believing his appeal was still pending before state court.); *Elliot v. Dewitt*, 10 F. App'x 311, 312-13 (6th Cir. 2001) (No equitable tolling when petitioner's attorney and the state court allegedly failed to inform him that a decision had been rendered affirming his conviction.). This, coupled with Petitioner's failure to establish that he diligently pursued his claims, persuades the Court that Petitioner's is not a case which warrants equitable tolling.

In sum, Petitioner has failed to show he diligently pursued his right, or that any circumstance kept him from timely filing, let alone an extraordinary one. Thus, his Petition should be dismissed as time-barred.

**CONCLUSION AND RECOMMENDATION**

Following review, the undersigned recommends the Court GRANT Respondent's Motion to Dismiss (Doc. 1) and DISMISS the amended Petition (Doc. 12) as time-barred.

s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).